not owned or furnished for the regular use of either the named insured or any relative". The Ford is not a nonowned automobile under the definition because it is owned by a daughter of the named insured and the definition excludes an automobile owned by any relative. The trial court held this policy provision to be an ambiguous one which required that it be construed against the insurer, and, therefore, held that the son was driving a nonowned automobile and was covered against liability in the amount of $25,000 for one person and $50,000 for a single occurrence. In our opinion the nonowned automobile provision is not ambiguous. In *Carr* v. *Home Ind. Co.* (404 Pa. 27) the court, in holding that a policy containing a nonowned automobile provision identical with the one in the policy before us did not cover liability arising out of the insured's use of an automobile owned by her brother, stated: "'It is plaintiff's contention that the term "non-owned automobile" is ambiguous * * *. However, we cannot accept this contention. Reading the policy as a whole we find that the term "non-owned automobile" is clearly defined in the policy as not including an automobile driven by the insured but owned by a relative, and the term is not ambiguous'." (404 Pa. at pp. 30–31.) We conclude that the limits of liability of defendant the Aetna Casualty & Surety Company Policy No. 52FA228912PC in connection with the accident of November 25, 1966 is $10,000 for one person and $20,000 for a single occurrence. The decretal paragraphs of· the judgments and orders appealed from should be modified accordingly. (Appeal from order of Onondaga Supreme Court in declaratory judgment action.) Present — Del Vecchio, J. P., Witmer, Gabrielli and Henry, JJ.

■ FRANKLIN BRADY, Individually and as Parent and Natural Guardian of JAMES BRADY, an Infant, Respondent, v. MARY FAHEY et al., Appellants. (Appeal No. 2.) — Judgment and order unanimously modified on the law in accordance with the memorandum herein, and as so modified affirmed, with costs to respondent against Aetna Casualty & Surety Company. Same memorandum as in *Liggett* v. *Fahey* (34 A D 2d 886). (Appeal from judgment and order of Onondaga Supreme Court in declaratory judgment action.) Present — Del Vecchio, J. P., Witmer, Gabrielli and Henry, JJ.

■ K. V. WIEROWSKI, Individually and as Parent and Natural Guardian of DAVID WIEROWSKI, an Infant, Respondent, v. MARY FAHEY et al., Appellants. (Appeal No. 3.) — Judgment and order unanimously modified on the law in accordance with the memorandum herein, and as so modified affirmed, without costs. Same memorandum as in *Liggett* v. *Fahey* (34 A D 2d 886). (Appeal from judgment and order of Onondaga Supreme Court, in declaratory judgment action.) Present — Del Vecchio, J. P., Witmer, Gabrielli and Henry, JJ.

■ ROBERT SMITH, Individually and as Parent and Natural Guardian of GARY SMITH, an Infant, Respondent, v. MARY FAHEY et al., Appellants. (Appeal No. 4.) — Judgment and order unanimously modified on the law in accordance with the memorandum herein, and as so modified affirmed, without costs. Same memorandum as in *Liggett* v. *Fahey* (34 A D 2d 886). (Appeal from judgment and order of Onondaga Supreme Court, in declaratory judgment action.) Present — Del Vecchio, J. P., Witmer, Gabrielli and Henry, JJ.

■ ARMCO STEEL CORP., Appellant, v. RENAGO CONSTRUCTION, INC., Respondent.— Order unanimously modified in accordance with the memorandum herein, and as so modified affirmed, with costs to respondent. Memorandum: Pursuant to a written contract appellant agreed to perform certain work and furnish supplies necessary for the installation of sewer pipe casing in respondent's project. The agreement contained a broad arbitration clause submittting to arbitration " Any controversy or claim arising out of or relating to this contract ". Upon completion of the work a dispute arose which the parties purported to settle by oral agreement. Subsequent thereto appellant